IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

IN RE GREEN DEVELOPMENT        :
CORPORATION S.A. DE C.V.        :        CIVIL NO. CCB-15-2985
                                :
                        ...o0o...

**<u>MEMORANDUM and ORDER</u>**

This case brought under 28 U.S.C. § 1782 seeking an order permitting discovery in Maryland in aid of a foreign proceeding has been transferred to me following the retirement of Judge William D. Quarles. Pending are the objections of the petitioner, Green Development Corporation SA ("Green") to the report and recommendation of Magistrate Judge Beth Gesner. For the reasons stated below, after *de novo* review, I agree that the petition should be denied.

First, I agree with the legal analysis applied by Judge Gesner. Specifically, the court has the right to consider the discretionary factors articulated by the Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004) as well as the threshhold statutory requirements in ruling on the petition. *See also Goenechea v. Davidoff*, CCB-15-3384 (ECF No. 12).

Second, consideration of those factors supports denial of the petition. It is sheer speculation that McNicholas was the source, or would have any knowledge of the source, of the copy of his article allegedly provided to a judge or judges on the Honduran Supreme Court. In fact, Green states in its objections that "one of the defendant banks" was the source. (ECF No. 19 at 4). It is further speculation that the McNicholas article, which was "never proffered as evidence in accord with dispositive law at any instance in this Honduran proceeding," (*Id.* at 9) would influence the Honduran proceedings in any way. Indeed, it appears from the declaration of Professor Rosenn submitted with Green's objections that the Honduran Supreme Court does

not gather evidence but instead relies on the record below.  (*Id.*, Ex. L at ¶ 11). This makes it even less likely that an article provided *ex parte* would be allowed to influence the proceedings or that evidence of the alleged source would be received by the Court.  It thus appears that the burden of the discovery sought to be placed on McNicholas substantially outweighs any potential value of the evidence in the foreign proceedings.

Finally, there is a new fact not before the Magistrate Judge and not disclosed to Judge Quarles while the objections were pending before him: the subjects of the McNicholas article have now sued, though apparently not served, McNicholas for defamation in this court.  *See Grupo Karim's S.A. v. McNicholas*, JKB-15-3656.[1]  The interests of the plaintiffs in the defamation case appear similar, if not identical, to the interests of Green in this petition.  Much of the discovery sought by Green in its petition appears more directly aimed at supporting the defamation claim than on evidence likely admissible in the Honduran proceeding.[2]

Accordingly, upon *de novo* review, the court affirms the ruling of Judge Gesner and denies the petition for discovery under 28 U.S.C. § 1782.

**SO ORDERED** this 18th day of February, 2016.

/S/<br>
Catherine C. Blake<br>
United States District Judge

---

[1] Now that it has been identified as a related case, it will be transferred to me.
[2] In contrast, the subject of discovery in the Florida petition, which was granted without a discussion of the discretionary factors (ECF No. 19, Ex. K), and is now the subject of a motion to quash,  is an officer of the defendant bank alleged to have provided the article to the Honduran court.